326          KENTUCKY REPORTS.          [VOL. 96.

Larue's Assignee v. Larue, &c.   Larue, &c., v. Larue's Assignee.

CASE-50—PETITION EQUITY—DECEMBER 13.

# Larue's Assignee v. Larue, &c.
# Larue, &c., v. Larue's Assignee.

### APPEALS FROM LARUE CIRCUIT COURT.

ASSIGNMENTS FOR CREDITORS.—POLICIES OF LIFE INSURANCE PASSED TO
ASSIGNEE.—Whether policies of life insurance payable to the in-
sured "his order, or creditors," were intended to pass under a general
deed of assignment executed by the insured for the benefit of his
creditors, is a question of fact to be determined from the language of
the deed and the purpose of the assignor in the procurement of the
policies. And if it appear that the policies were taken out by the
assignor for the benefit of his creditors generally, he will not be per-
mitted after making a general deed of assignment, clearly with the
intention of passing them to his assignee, to withhold them and sub-
sequently assign them to certain creditors to the exclusion of others.

A debtor in making a general deed of assignment for the benefit of
creditors after giving a schedule of the property assigned, provided:
" It is understood if I have omitted to name any property, accounts
or claims not herein mentioned in this deed the same is hereby as-
signed and transferred to my said assignee for the purposes aforesaid."
The assignee brings this action claiming as a part of the assignor's
estate certain policies of insurance assigned by the assignor to particu-
lar creditors after the execution of the general deed of assignment,
the plaintiff alleging in his petition that the policies were payable to
the assignor, " his order, or creditors," that the assignor had stated to
his creditors that he had his life insured for their benefit, and upon the
faith of this statement obtained credit from them. Held—That the
court erred in sustaining demurrer to petition.

J. P. HOBSON AND I. W. TWYMAN FOR APPELLANT IN FIRST
CASE AND APPELLEE IN SECOND CASE.

1. The language of the deed of assignment is broad enough to pass to
the assignee two life insurance policies, taken out by the assignor,
and kept up by him pursuant to a promise to his creditors, and the
assignor could not subsequently assign or devise them to certain cred-
itors to the exclusion of others. (Burrill on Assignments, secs. 95,
96, 100, 298 and 312; May on Insurance, secs. 379, 388, 389, 390 and
396; 3 Parsons on Contracts, secs 479 and 480, and notes )

2. The policies of insurance being payable to the order of the insured,
and having been taken out under a promise to his creditors whereby
he had obtained credit from them, pass as property under a general

Larue's Assignee v. Larue, &c.    Larue, &c., v. Larue's Assignee.

deed of assignment. (Civil Code, secs. 113, 203, 225, 439; Anderson's Law Dictionary, 179, 835; 3 Am. & Eng. Enc. of Law, 235; 19, *Idem*, 283; Farmers' Bank v. Morris, 79 Ky., 157; May on Insurance, secs. 379, 386, 388.)

3. The assignment of policies of insurance to certain creditors to the exclusion of others comes within the act of 1856 in regard to fraudulent and preferential conveyances.

4. If the insurance policies had no property value until the death of the insured, then the disposition made by them by will was not fraudulent, and all the parties should take the interest allotted to them as set out in the will and transfer, and the administrator should take for distribution the balance remaining after those legacies are satisfied.

D. H. SMITH AND E. E. McKAY FOR APPELLEE IN FIRST CASE AND APPELLANT IN SECOND CASE.

1. The deed of assignment containing a schedule of the real and personal property assigned, the purpose of the clause, "if I have omitted to name any property, accounts or claims not herein mentioned in this deed, the same is hereby assigned for the purposes aforesaid," was to cover small and unimportant items of the same kind as those set out in the schedule, but which had been omitted therefrom. The intention of the assignor to omit these polices is manifest since it is inconceivable that he would have forgotten a $10,000 item when the amount of the other property assigned did not exceed $5,000, and because of the further fact that he was familiar with the universal theory that life policies do not pass by such terms as used in the deed of assignment in question. (5 Mass., 201; 8 Mass., 515; 3 Md., 341; 101 Mass., 565; 1 May on Insurance, secs. 7, 116, 102; 2 *Idem*, secs. 385, 391; 6 Cush. (Mass.), 286.)

2. Life insurance policies do not pass by a general deed of assignment for the reason that there is great probability of their becoming a charge upon the assigned estate without bringing in an income for many years, thereby in all probability exhausting that part of the estate assigned, and at least preventing a speedy settlement with the creditors. (111 Pa. State Rep., 510; 2 May on Insurance, sec. 391; 19 Fla, 448.)

3. An assignee for the benefit of creditors has no insurable interest in his assignor's life and an assignment of a policy to the assignee is void. (Warnock v. Davis, 104 U. S., 777; 41 Ind., 116; 81 Ky., 368; 36 Kans., 146; 15 Fed. Rep., 536–40.)

4. To constitute a valid assignment of such life insurance policies there must also be a delivery of same to the assignee and notice of the assignment must be given to the insurers and their assent procured. These requisites not being complied with, appellant has no cause of action against those to whom the policies were subsequently assigned.

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

On the 28th day of August, 1891, L. L. LaRue made an assignment to C. F. Syrgley for the benefit of his creditors, reserving homestead and personal exemp-tions. The property assigned consisted of twelve or fifteen pieces of land, upon some of which there were liens, and but little personalty. It appears that his liabilities amounted to about twenty-five thousand dollars, and that his assets will realize less than five thousand dollars. At the date of the assignment he held two policies of insurance on his life for five thousand dollars each—one in the Equitable Life Insurance Society of New York, the other in the Mutual Insurance Company of Kentucky, numbered 17,371. It is alleged in the petition that the premiums upon these two policies were paid and kept paid by the assignor up to the date of the assignment. There is nothing showing when the policies issued, except it appears from the will of the assignor that the latter policy bore date February 2, 1891. The deed of assignment is general in its nature, and after giving a schedule of the real and personal property assigned it provides: "It is understood, if I have omitted to name any property, accounts or claims not herein mentioned in this deed, the same is hereby assigned and transferred to my said assignee for the purposes aforesaid."

It is also alleged that on the — day of September, 1891, the assignor assigned the policy in the Equitable Life Insurance Society of New York to two of his creditors, O. M. Barbour and William Dougherty, and the policy in the Mutual Life Insurance Company to H. A. Hays, J. R. Hays and Jediah Hays.

On November 3, 1891, the assignor made a will, in which he directed his executor to apply the proceeds collected on the policy in the Equitable Life Insurance Society of New York to the payment of the lien of O. M. Barbour thereon; then to the payment of one thousand dollars to Miss Lizzie Dorsey, amount of her lien debt on his homestead, and after the payment of the debts due by the firm of L. L. LaRue & Son, the balance thereof to be divided between his two children. There is a codicil to this will, dated November 4, 1891, in which he recognizes the transfer of the policy in the Mutual Life Insurance Company of Kentucky to H. A. Hays, J. R. Hays and Jediah Hays, and by which he bequeaths the same absolutely to them.

On the —— day of February, 1892, the assignor died in Larue county, Kentucky, testate, leaving a widow and two children, one of them being a minor, the oldest, H. D. LaRue, being made his executor under the will. He declined to qualify, and at the March term, 1892, of the Larue County Court, C. D. Miller was appointed administrator, with the will annexed of said decedent's estate. On the 8th day of March, 1892, the assignee brought suit in the Larue Circuit Court against the creditors, widow, children and administrator of said decedent to settle his estate under the deed of assignment. He alleges that the assignor failed to deliver to him said two policies of insurance; that he was entitled thereto under the deed of assignment for the benefit of the creditors; that the defendants, the three Hayses, had collected the five thousand dollars due on the policy assigned to

them, and that Barbour and Daugherty were trying
to collect for their use and benefit the other policy;
setting out the insolvency of the estate, its large
liabilities and meager assets as aforesaid.  He also
alleges that said policies of insurance were made pay-
able to the assignor, his order or creditors, and that
the transfers thereof were made in contemplation of
insolvency, with the view and purpose of preferring
these several creditors to his other creditors in whole
or in part, and asks that the transfer of said policies
operate as a general assignment for the benefit of all
the creditors under the act of 1856.  These several
transferees were made parties to the suit.  They are
called upon to surrender into court said policies of
insurance or the proceeds thereof collected by them.
It is also alleged in the petition and amended petition
that the assignor had stated to his creditors that he
had his life insured for their benefit, and upon the
faith of his statements obtained credit from them.
Said transferees, as defendants, demurred to all that
part of the petition and amended petition which
sought from them the recovery of said policies or
the proceeds thereof, and which sought to make the
transfers thereof operate as a general assignment of
decedent's estate for the benefit of creditors under
the act of 1856.  The court sustained the demurrer,
and the plaintiff declining to plead further, the court
adjudged that the petitions be dismissed, and from
that judgment this appeal is prosecuted.

The case of J. M. Young v. L. L. LaRue's admin-
istrator, &c., was submitted on appeal to be heard
with this case, because, virtually, the same questions

VOL. 96.]    SEPTEMBER TERM, 1894    331

Larue's Assignee v. Larue, &c.    Larue, &c., v. Larue's Assignee.

are involved and the same relief sought by the parties thereto. The only question to be determined in this case is, whether or not the policies of insurance passed under the deed of assignment to the assignee for the benefit of creditors, and that necessarily depends upon the intention of the assignor in taking out said policies of insurance on his life and as expressed in said deed of assignment. The policies are not before us nor copies of them. Their terms and conditions and the beneficiaries thereof are unknown to us save and except as stated in the petition and amended petition. Whether or not they were valuable as assets would depend upon the number of premiums that have been paid, the length of time they have run, and their cash surrender value, if any, assuming that they had passed under the general deed of assignment to the assignee for the benefit of creditors, and that the assignor was still living. Like other choses in action they are subjects of assignment. They are used daily in commercial transactions as a basis of credit, often being pledged as collateral securities for debt. They are not such assets as may be attached during the life of the assured or sold under execution. We must, however, for the purposes of the demurrer, assume that the facts stated in the petition and amended petition are true. The allegations therein that these policies were made payable to the assignor, his order or creditors, and that he used them as a basis for credit, stating that he had his life insured for the benefit of his creditors, coupled with the language used by him in the deed of assignment, clearly indicates that he intended them to pass to his assignee for their benefit.

It would be unjust and inequitable, if these policies of insurance were taken out by the assignor for the benefit of his creditors generally, to permit him, after he had made a general deed of assignment, clearly with the intention of passing same to his assignee as assets of his estate, to withhold them, and subsequently assign them to four or five of his creditors for their exclusive use and benefit.

The allegations of the pleadings are such as to indicate that the assignor knew of his insolvent condition for a long time previous to the execution of the deed of assignment. It does not appear from the pleadings that either of the creditors to whom he subsequently assigned the policies of insurance were named as beneficiaries therein, or that they had paid any portion of the premiums thereon, or that there was any reason for their preferment over the other creditors. If it should appear from the facts in the case on issue joined and trial had, that the allegations of the petition and amended petition are true, it is unquestionable from the language used in the deed of assignment that the policies of insurance passed to the assignee for the benefit of the assignor's creditors generally, and having once been assigned, a subsequent assignment thereof by the assignor was void. It is the duty of the assignee to sue for and recover assets belonging to the estate assigned, and he is responsible for any laches on his part in not doing so. The death of the assignor within so short a time after he made his general deed of assignment made these policies of insurance valuable assets, while, if he had continued to live, they might have been valueless and worthless.

Under the conditions and circumstances of this case as stated in the pleadings, this court, upon principles of equity, holds that the court below erred in sustaining the demurrers. It is unnecessary to consider any of the questions raised by the appeal in the case of J. H. Young and others v. L. L. LaRue's Administrator's and others, for the reason that the application of the funds arising from these two policies of insurance must be determined as a question of fact from the evidence, under the general issue, and the rights and priorities, if any, of all the parties thereto adjusted accordingly.

Under the general assignment laws of this State, it is provided in section 75 of the Kentucky Statutes: "That the intent of the assignor in making the assignment, whether appearing upon the face of the deed or otherwise, shall not invalidate the deed, unless he be solvent and it appear that the assignment was made to hinder or delay creditors." So that whether policies of insurance are intended to pass under such deeds or not will be a question of fact to be determined from the language of the deed and the intention of the assignor in the purposes of their procurement.

In support of this opinion, reference is made to section 391 of May on Insurance, 3d ed.; Rhode Island National Bank v. Chase and others, 16 R. I., 37; Burton, Adm'r, v. Farinholt and others, 86 N. C., 260; Day v. New England Life Insurance Co., 111 Pa., 507; Hurlbut v. Hurlbut, 49 Hun., 189; Appeal of Elliott's Ex'rs, 50 Pa. St., 75.

The judgment of the lower court in each case is reversed, and cause is remanded for proceedings consistent with this opinion.